**Affirmed and Memorandum Opinion filed October 16, 2012.**



In The

# Fourteenth Court of Appeals

### NO. 14-12-00111-CR

**TYRONE JERMAINE ROGERS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 248th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1290811**

# MEMORANDUM OPINION

A jury convicted appellant of aggravated assault and sentenced him to confinement for 60 years in the Institutional Division of the Texas Department of Criminal Justice. Appellant filed a timely notice of appeal. We affirm.

In his sole issue on appeal, appellant claims the trial court erred during the punishment phase by admitting victim-impact and victim-character testimony. Appellant contends the testimony concerned an extraneous offense and was therefore inadmissible.

The complained-of testimony was given by Tashun Thomas. The record reflects that after Thomas was called to the stand, defense counsel asked for a motion in limine on victim impact testimony because Thomas was not the victim in the case being tried. The trial court stated, "I'm going to sustain the victim impact testimony. We can hear about the victim and identification but no victim impact."

Thomas was asked her relation to Collins Crenshaw. He was her uncle and had been shot and killed. The following occurred:

[State]        How did you understand that he had come to be killed?

[Thomas]    Can I say names?

[State]        Sure.

[Thomas]    It came out that --

    [Defense Counsel]: Object --

    THE COURT:     Sustained.

. . .

[State]        And what was Mr. Crenshaw doing in his life at that time, at the time he was killed?

    [Defense Counsel]: I'm going to object.

    THE COURT:     Overruled. You may answer the question.

[Thomas]    Like, what he was doing at the time he was killed, or?

[State]        . . . What was he doing in his life at that point?

[Thomas]    He was pretty much taking care of my grandmother.

Thomas went on to answer five other questions about Crenshaw and his mother. Appellant complains Thomas' testimony improperly showed the impact of Crenshaw's murder upon his mother and Crenshaw's good character. However, no objection was made to those questions. A party must object each time inadmissible evidence is offered unless counsel obtains a running objection request a hearing outside the presence of the jury. *Martinez v. State,* 98 S.W.3d 189, 193 (Tex. Crim. App. 2003) In this case, appellant did not continue to object to the victim-impact evidence, did not obtain a

running objection, and did not request a hearing outside the presence of the jury. Accordingly, nothing is preserved for our review. *See* Tex. R. App. P. 33.1(a).

Accordingly, appellant's sole issue is overruled and the judgment of the trial court is affirmed.


PER CURIAM


Panel consists of Chief Justice Hedges and Judges Brown and Busby.

Do Not Publish ─ Tex. R. App. P. 47.2(b).